Max Moskowitz
Ariel S. Peikes
OSTROLENK FABER, LLP
1180 Avenue of the Americas
New York, New York 10036
Tel. (212) 382-0700
Fax (212) 382-0888
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                  :

CLASSIC LIQUOR IMPORTERS, LTD.,       : Civil Action No. 15cv6503
                                                  : (JSR)
                   Plaintiff,                :

              v.                              :

SPIRITS INTERNATIONAL B.V.,             :
                   Defendant.           :
------------------------------------------------------------------------X

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT
OF NO TRADEMARK INFRINGEMENT, AND FOR
<u>CANCELLATION OF TRADEMARK REGISTRATIONS</u>**

Plaintiff, CLASSIC LIQUOR IMPORTERS, LTD., through its counsel and for the complaint against SPIRITS INTERNATIONAL B.V., states as follows:

1. This is an action for a Declaration of no trademark Infringement under the federal Lanham Act, for no unfair competition under the Lanham Act and for cancellation of certain of the Defendant's trademark registrations.

{01828744.1}                    1

## THE PARTIES

2.Plaintiff CLASSIC LIQUOR IMPORTERS, LTD. ("Classic Liquor") is a New York corporation with an address at 20 West 47th Street, Suite 206B, New York, NY 10036.

3.On information and belief, Defendant Spirits International B.V. ("SPI") is a corporation of Luxembourg with an address at 3, rue du Fort Rheinsheim L-2419 Luxembourg.

## JURISDICTION AND VENUE

4.This action arises under the trademark laws of the United States, 15 U.S.C. §§ 1501, et seq., and seeks relief, *inter alia*, under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has jurisdiction under 28 U.S.C. § 1338(a).  Venue is proper in this judicial district under 28 U.S.C. §§1391(c) and 1400(b).

## FACTUAL BACKGROUND

5.Classic Liquor was founded over a year ago with the aim of becoming a leading developer, manufacturer, importer and seller of high quality spirits and wines, commencing with a specialty in spirits and, more specifically, the vodka spirit flavor.

6.To date, Classic Liquor has committed millions of dollars in developing its first product, a vodka product, and as part of that investment, invested a large sum of money in selecting and applying to register trademarks in the United States and throughout the world relating to that vodka product and to other future products.

7.Classic Liquor selected as its primary housemark, the name ROYAL ELITE.

8. A trademark application for the name ROYAL ELITE was filed in the United States Patent and Trademark Office ("PTO") and the application thereof was approved for publication. See **Exhibit A** hereto.

9. Similarly, Classic Liquor filed for the name RE and related logo in the United States and abroad, in the form illustrated. See **Exhibit B**.

10. Similarly, Classic Liquor filed to register the trademark for another RE version of a logo in the United States and abroad, in the form illustrated. See **Exhibit C**.

11. Similarly, Classic Liquor filed for a first specific bottle design for its vodka product and filed an application for trademark registration on the design in the United States and abroad, in the form shown. See **Exhibit D**.

12. In the same vein, Classic Liquor created another bottle design and trademark applications on the specific look and appearance thereof was filed in the United States and abroad. See **Exhibit E**.

13. ROYAL ELITE is presently ready to market five different versions of vodka, including a so-called Royal Elite Luxury Vodka; a Premium Vodka brand; a Supreme Vodka brand; a Gluten-Free Vodka distilled from apricots; and a Royal Elite Gluten-Free Vodka distilled from quinces (the "Royal Elite Vodka Products).

14. Classic Liquor is ready to distribute the Royal Elite Vodka Products in the United States within a month or so hereof, in unique bottle shapes and several distinguishing trademark and trade dress indicia. See **Exhibit F**.

15. Notwithstanding the care and unique group of trademarks, as noted above, including the special bottle designs that clearly sets the vodka products of Classic Liquor apart from any others that are on the market, Classic Liquor received a cease and desist letter from SPI

dated May 5, 2015, alleging that the use of ROYAL ELITE by Classic Liquor on vodka would infringe on SPI's United States trademark registration nos. 4,537,800; 4,567,379; 3,044,248; and 3,325,498.  See **Exhibit G**.

16. In its letter, SPI alleges that the use of the term ROYAL ELITE with "wine and spirits" and many other beverages for that matter, "is likely to cause confusion in the marketplace with SPI's aforementioned trademarks."

17. SPI has further requested that Classic Liquor withdraw its application for the trademark ROYAL ELITE serial no. 86/439,435 and limit the application for the trademark ROYAL ELITE in serial no. 86/521,045 so as to exclude wines and spirits and many other beverages.

18. Thus, SPI asserts infringement of four of its trademarks which are referred to below as the SPI:

   A. "elit stylized" trademark (U.S. Registration No. 4,537,800);

   B. " elit/Flame Design" trademark (U.S. Registration No. 4,567,379);

   C. "Stolichnaya /elit / Russian elit" trademark (U.S. Registration No. 3,044,248); and

   D. "Stolichnaya / elit" trademark (U.S. Registration No. 3,325,498).

19. The Classic Liquor bottles and vodka bottles are not using any flame design, nor the words STOLICHNAYA, nor any Russian letters, nor the term "elit", as in the stylized format shown in SPI's first, second and third SPI trademarks identified above.

20. The Classic Liquor vodka products do not use an elit-stylized form, as shown in SPI's U.S. trademark registration no. 4,537,800.  See **Exhibit H**.

21.     On May 21, 2015, Classic Liquor responded to SPI's letter (**Exhibit I**), noting that SPI's elit stylized registered trademark has a unique appearance and pronunciation that is different from Plaintiff's approved "ROYAL ELITE" trademark.

22.     Importantly, SPI represented to the trademark Examining Attorney in the PTO, in order to obtain its trademark, that the term "elit" has no meaning.

23.     Now, SPI has taken the position that the English word "ELITE", which is part of the overall trademark of Classic Liquor ROYAL ELITE, is confusingly similar and has the identical commercial impression as SPI's own trademark "elit."

24.     Had SPI applied to register the word ELITE as its trademark for its vodka, it would have had its application rejected because "ELITE", standing alone, would have been considered a merely descriptive term and not registrable pursuant to 15 U.S.C. § 1052(e).

25.     Classic Liquor also responded to SPI's letter by stating that Plaintiff's published application for the trademark ROYAL ELITE is indicative of the PTO's consideration and rejections of SPI's assertions herein.

26.     Classic Liquor also noted to SPI the simultaneous existence with (SPI's "elit" trademark) of such trademarks as THE PINOT ELITE for alcoholic beverages; the PERRO ELITE mark for distilled spirits; the ELITE ARAK mark for alcoholic beverages; the approval for registration of the trademark ELITIST ITALIAN VODKA for vodka, all in coexistence with SPI's registration and use of the mark "elit". SPI does not own and never was granted the exclusive right to the word "ELITE" for use with vodka.

27.     The registration of GOMI ELITE for vodka and its coexistence with SPI's elit (stylized) trademark also bar SPI's assertions against the Plaintiff herein.   It was also pointed out to SPI that in the GOMI ELITE registration, the term ELITE was disclaimed as being

descriptive.  It was also pointed out that the mark BRANDSELITE for wine and distilled spirits was registered and coexisted with SPI's elit (stylized) registration and that the trademark ELITE OF RUSSIA also, similarly, coexisted with SPI's elit (stylized) registration.  Lastly, it was also noted that the trademark RUSSIAN BILLIONAIRE VODKA ELITE CLUB is in the process of being registered for use with vodka.

28. SPI never responded substantively to Classic Liquor's responses presented in its May 21, 2015 letter.

29. Instead, SPI has filed an opposition to Classic Liquor's application to register the trademark ROYAL ELITE in Turkey, without advising Classic Liquor of that filing, as of this date.

30. SPI also retained U.S. counsel, who requested an extension of time to oppose the application for ROYAL ELITE that has been approved and published by the PTO.  Then, in SPI's Notice of Opposition, which was filed with the PTO on September 28, 2015, SPI states that: "The words 'Elit' and 'Elite' are identical in sound and *commercial impression*, and are nearly identical in appearance." (emphasis supplied).

31. The sum and totality of the foregoing activities of SPI show that SPI is actively interfering with a business that has already been launched by Classic Liquor to sell a vodka product in unique bottle shapes, accompanied by unique logos and indicia that clearly demarcate the Classic Liquor vodka products from vodka products being marketed by SPI, including the SPI vodka products that are depicted in **Exhibit J** hereto.

32. Without this Court's intervention and determination that Classic Liquor's products do not infringe on any of the trademarks, trade dress or other intellectual property of

SPI, Classic Liquor stands to suffer imminent and severe harm in the marketplace, from the mere allegations and actions of SPI in the various world Trademark Offices and in the marketplace.

## COUNT I

### The Designs of Classic Liquor Vodka Bottles and the Trademarks and Trade Dress Used Thereon Do Not Infringe any of SPI's Trademarks

33. This is an action for Declaratory Judgment that Classic Liquor's use of its vodka bottles and various trademarks noted above on its vodka bottles are not likely to cause confusion or to cause mistake or deceive the public with regard to SPI's alleged trademark rights in the term "elit", in any and all four renditions thereof.

34. Classic Liquor repeats and realleges the averment contained in paragraphs 1-32 of this Complaint as if fully set forth herein.

35. On information and belief, any rights that SPI may have in the letters "elit" and its particular style do not extend to nor bar Classic Liquor's use of its vodka products in the form and branding fashion as presented herein.

36. Classic Liquor is under real, imminent threat that SPI will bring suit against it in the immediate future for trademark infringement, together with other related causes of action.

37. By reason of the foregoing, Classic Liquor has suffered and will continue to suffer irreparable harm from SPI, in the manner set forth above unless a Declaratory Judgment issues precluding SPI from interfering with Classic Liquor or taking any other action based upon the aforesaid acts.

38. Classic Liquor has no adequate remedy at law.

## COUNT II

### Cancellation of SPI's Registration Nos. 4,537,800 and 4,567,379

39. This is an action for cancellation of SPI's United States trademark registration numbers 4,537,800 and 4,567,379, marks consisting of the letters elit (stylized) (registration no. 4,537,800) and for the letters elit with a flame design in registration no. 4,567,379, pursuant to Section 2(e) of the Lanham Act, 15 U.S.C. § 1052(e), and §14(3) of the Lanham Act, 15 U.S.C. §1064, on the grounds that "elit", according to SPI, has the exact same meaning as "elite", a descriptive term that cannot be registered with the PTO pursuant to 15 U.S.C. § 1052(e).

40. Classic Liquor repeats and realleges the averment contained in paragraphs 1-38 of this Complaint as if fully set forth herein.

41. SPI's United States trademark registrations numbered 4,537,800 and 4,567,379 were registered with the PTO within the past five years and are contestable.

42. SPI previously represented to the trademark Examining Attorney at the PTO that the term "elit" has no meaning.

43. SPI now takes the position that "elit" and "elite" are identical in their commercial impression, and that consumers cannot distinguish between "elit" and the descriptive word "elite."

44. The PTO cannot register descriptive terms, such as "elite" standing alone, that have not acquired secondary meaning. 15 U.S.C. § 1052(e)

45. By reason of the foregoing, the Court must cancel SPI's United States trademark registration nos. 4,537,800 and 4,567,379 because SPI has declared that "elit" is identical to "elite", a merely descriptive term.

46. Classic Liquors has no adequate remedy at law.

WHEREFORE, Plaintiff Classic Liquor prays that judgment be entered:

A. Declaring that Classic Liquor has not infringed and is not likely to infringe the SPI trademarks in U.S. Trademark Registration nos. 3,044,248, 3,325,498, 4,537,800 and 4,567,379.

B. Cancelling U.S. Trademark Registrations with nos. 3,044,248 and 3,325,498 for the term "elit" being a merely descriptive term.

C. Ordering that Classic Liquor be granted such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff Classic Liquor Importers, Ltd. hereby demands a trial by jury in the above captioned action of all issues triable by jury.

Dated:  October 28, 2015                     Respectfully submitted,

/s/ Max Moskowitz
Max Moskowitz
mmoskowitz@ostrolenk.com
Ariel S. Peikes
apeikes@ostrolenk.com
OSTROLENK FABER, LLP
1180 Avenue of the Americas
New York, New York 10036
Tel.  (212) 382-0700
Fax  (212) 382-0888
Attorneys for Plaintiff

{01828744.1}                                9