IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLASSIC LIQUOR IMPORTERS, LTD.,<br><br>                Plaintiff,<br><br>   -against-<br><br>SPIRITS INTERNATIONAL B.V.,<br><br>                Defendant. | No. 1:15-cv-6503-JSR<br><br>ECF CASE<br><br><u>Jury Trial Demanded</u> |

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF
<u>DEFENDANT SPIRITS INTERNATIONAL B.V.</u>

Defendant Spirits International B.V. ("SPI") hereby responds to the First Amended

Complaint filed by Plaintiff Classic Liquor Importers, Ltd. ("CLI").  Unless expressly admitted,

all allegations in the First Amended Complaint are denied.

1.      To the extent that paragraph 1 of the First Amended Complaint sets forth

Plaintiff's characterization of the nature of this action, no response is needed.  To the extent that

a response is required, SPI denies the allegations contained in paragraph 1 of the First Amended

Complaint.

**ANSWER TO THE FIRST AMENDED COMPLAINT**

**THE PARTIES**

2.      SPI lacks knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph 2 of the First Amended Complaint, and therefore denies the

same.

3.      SPI admits that it is a Dutch limited liability company with its principal place of business at 3, rue du Fort Rheinsheim, L-2419 Luxembourg.

## JURISDICTION AND VENUE

4.      To the extent that paragraph 4 of the First Amended Complaint asserts legal conclusions, no response is required.  For purposes of this action, SPI does not contest that this Court has personal jurisdiction over SPI.  For purposes of this action, and without waiving any defense of improper venue in connection with any other cause of action or claim, SPI does not contest that venue properly lies in this District.

## FACTUAL BACKGROUND

5.      SPI lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 5 of the First Amended Complaint, and therefore denies the same.

6.      SPI lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 6 of the First Amended Complaint, and therefore denies the same.

7.      SPI lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 7 of the First Amended Complaint, and therefore denies the same.

8.      SPI admits that a trademark application for the name ROYAL ELITE was filed in the United States Patent and Trademark Office ("PTO") and that the application was published for opposition.

9.      SPI admits that a trademark application for the name RE was filed in the PTO. SPI lacks knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 9 of the First Amended Complaint, and therefore denies the same.

10.     SPI admits that another trademark application for the name RE was filed in the PTO.  SPI lacks knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 10 of the First Amended Complaint, and therefore denies the same.

11.     SPI admits that a trademark design application was filed in the PTO.  SPI lacks knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 11 of the First Amended Complaint, and therefore denies the same.

12.     SPI admits that another trademark design application was filed in the PTO.  SPI lacks knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 12 of the First Amended Complaint, and therefore denies the same.

13.     SPI lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 13 of the First Amended Complaint, and therefore denies the same.

14.     SPI lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 14 of the First Amended Complaint, and therefore denies the same.

15.     SPI admits that SPI sent a letter to CLI dated May 5, 2015 which speaks for itself. SPI denies the remaining allegations set forth in paragraph 15 of the First Amended Complaint.

16.     SPI admits that the letter dated May 5, 2015 contains the quoted language.  SPI denies the remaining allegations set forth in paragraph 16 of the First Amended Complaint.

3

17.     SPI states that the letter dated May 5, 2015 speaks for itself.  SPI admits that the letter dated May 5, 2015 requested that CLI withdraw its application for the mark ROYAL ELITE (Ser. No. 86439435) and limit its application for the mark ROYAL ELITE (Ser. No. 86521045) to exclude certain products listed in the letter.  SPI denies the remaining allegations set forth in paragraph 17 of the First Amended Complaint.

18.     SPI states that the letter dated May 5, 2015 speaks for itself.  SPI denies the remaining allegations set forth in paragraph 18 of the First Amended Complaint.

19.     SPI lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 19 of the First Amended Complaint, and therefore denies the same.

20.     SPI lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 20 of the First Amended Complaint, and therefore denies the same.

21.     SPI admits that CLI's counsel sent a letter to SPI dated May 21, 2015 which speaks for itself.  SPI denies the remaining allegations set forth in paragraph 21 of the First Amended Complaint.

22.     SPI admits that its counsel represented to the PTO that the term "elit" has no meaning in any foreign language.  SPI denies the remaining allegations set forth in paragraph 22 of the First Amended Complaint.

23.     SPI admits that it lodged one or more oppositions to CLI's trademark applications, which speak for themselves.  SPI denies the remaining allegations set forth in paragraph 23 of the First Amended Complaint.

24.     Paragraph 24 of the First Amended Complaint contains legal conclusions as to which no response is required.  Paragraph 24 of the First Amended Complaint also relates to a dismissed Count, which removes any obligation to respond.  To the extent a response is required, SPI denies the allegations set forth in paragraph 24 of the First Amended Complaint.

25.     SPI admits that CLI's counsel sent a letter to SPI dated May 21, 2015 which speaks for itself.  SPI denies the remaining allegations set forth in paragraph 25 of the First Amended Complaint.

26.     SPI admits that CLI's counsel sent a letter to SPI dated May 21, 2015 which speaks for itself.  SPI denies the remaining allegations set forth in paragraph 26 of the First Amended Complaint.  To the extent that remaining allegations in paragraph 26 of the First Amended Complaint contain legal conclusions, no response is required.

27.     SPI admits that CLI's counsel sent a letter to SPI dated May 21, 2015 which speaks for itself.  SPI denies the remaining allegations set forth in paragraph 27 of the First Amended Complaint.  To the extent that remaining allegations in paragraph 27 of the First Amended Complaint contain legal conclusions, no response is required.

28.     SPI denies the allegations in paragraph 28 of the First Amended Complaint.

29.     SPI admits that it has filed an opposition to CLI's application to register ROYAL ELITE as a trademark in Turkey.  SPI denies the remaining allegations in paragraph 29 of the First Amended Complaint.

30.     SPI admits that its counsel filed a request with the PTO for an extension of time to oppose CLI's application for trademark ROYAL ELITE (Ser. No. 86439435), which speaks for itself.  SPI denies the remaining allegations in paragraph 30 of the First Amended Complaint.

31.     Paragraph 31 of the First Amended Complaint contains legal conclusions to which no reply is required.  To the extent a response is required, SPI denies the allegations set forth in paragraph 31 of the First Amended Complaint.

32.     Paragraph 32 of the First Amended Complaint contains legal conclusions to which no reply is required.  To the extent a response is required, SPI denies the allegations set forth in paragraph 32 of the First Amended Complaint.

## COUNT I: TRADEMARK INFRINGEMENT

33.     Paragraph 33 contains CLI's characterizations of this action, to which no response is required.  To the extent that a response is required, SPI denies the allegations set forth in paragraph 33 of the First Amended Complaint.

34.     SPI incorporates each of its previous responses to paragraphs 1-32 of the First Amended Complaint as if fully set forth herein.

35.     SPI denies the allegations in Paragraph 35 of the First Amended Complaint.

36.     SPI denies the allegations in Paragraph 36 of the First Amended Complaint.

37.     SPI denies the allegations in Paragraph 37 of the First Amended Complaint.

38.     SPI denies the allegations in Paragraph 38 of the First Amended Complaint.

## COUNT II: CANCELLATION OF SPI'S REGISTRATION NOS. 4,537,800 AND 4,567,379

39.     Paragraph 39 of the First Amended Complaint relates to a dismissed Count, which removes any obligation to respond.  Paragraph 39 also contains CLI's characterizations of this action, to which no response is required.  To the extent a response is required, SPI denies the allegations set forth in paragraph 39 of the First Amended Complaint.

6

40.     Paragraph 40 of the First Amended Complaint relates to a dismissed Count, which removes any obligation to respond.  To the extent a response is required, SPI incorporates each of its previous responses to paragraphs 1-38 as if fully set forth herein.

41.     Paragraph 41 of the First Amended Complaint relates to a dismissed Count, which removes any obligation to respond.  To the extent a response is required, SPI denies the allegations set forth in paragraph 41 of the First Amended Complaint.

42.     Paragraph 42 of the First Amended Complaint relates to a dismissed Count, which removes any obligation to respond.  To the extent a response is required, SPI denies the allegations set forth in paragraph 42 of the First Amended Complaint.

43.     Paragraph 43 of the First Amended Complaint relates to a dismissed Count, which removes any obligation to respond.  To the extent a response is required, SPI denies the allegations set forth in paragraph 43 of the First Amended Complaint.

44.     Paragraph 44 of the First Amended Complaint relates to a dismissed Count, which removes any obligation to respond.  To the extent a response is required, SPI denies the allegations set forth in paragraph 44 of the First Amended Complaint.

45.     Paragraph 45 of the First Amended Complaint relates to a dismissed Count, which removes any obligation to respond.  To the extent a response is required, SPI denies the allegations set forth in paragraph 45 of the First Amended Complaint.

46.     Paragraph 46 of the First Amended Complaint relates to a dismissed Count, which removes any obligation to respond.  To the extent a response is required, SPI denies the allegations set forth in paragraph 46 of the First Amended Complaint.

### **AFFIRMATIVE DEFENSES**

SPI asserts the following affirmative defenses:

7

### FIRST AFFIRMATIVE DEFENSE

47.     There is a lack of subject matter jurisdiction over CLI's claims.

### SECOND AFFIRMATIVE DEFENSE

48.     CLI's claims are barred in whole or in part by one or more of the following doctrines:  laches, equitable estoppel, waiver, and unclean hands.

### RESERVATION OF RIGHTS TO ASSERT
### ADDITIONAL DEFENSES

49.     SPI has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent throughout the course of this action.  SPI reserves the right to amend or seek to amend its answer or affirmative defenses.

### <u>COUNTERCLAIMS</u>

50.     Pursuant to Fed. R. Civ. P. 13, Defendant and Counterclaim-Plaintiff Spirits International B.V. ("SPI") brings these Counterclaims for injunctive, monetary, and other relief against Plaintiff and Counterclaim-Defendant Classic Liquor Importers, Ltd. ("CLI") and alleges the following:

### PARTIES

51.     Defendant and Counterclaim-Plaintiff SPI is a Dutch limited liability company with its principal place of business at an address at 3, rue du Fort Rheinsheim, L-2419 Luxembourg.

52.     Upon information and belief, Plaintiff and Counterclaim-Defendant CLI is a New York corporation with an address at 20 West 47th Street, Suite 206B, New York, NY 10036.

## JURISDICTION AND VENUE

53.     This Court has subject matter jurisdiction over these Counterclaims under 15

U.S.C. §§ 1116, 1117, and 1121 as well as under 28 U.S.C. §§ 1331, 1337, and 1338.  This Court

has jurisdiction over the state law claims under 28 U.S.C. §§ 1338(b) and 1367(a) and principles

of supplemental and pendant jurisdiction.

54.     CLI is subject to personal jurisdiction in this District because it is incorporated in,

transacts business in, and has substantial contacts with this District and because its conduct will

cause or is causing injury to SPI in this District.  In addition, by filing its Complaint in this

District, CLI has consented to personal jurisdiction in this District.

55.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400.  CLI is doing

business in this District, has substantial contacts with this District, and is subject to personal

jurisdiction and thus resides in this District.

## GENERAL ALLEGATIONS

56.     Upon information and belief, CLI has been intending to enter into the business of

manufacturing, importation, and sale of spirits and wines.  Upon information and belief, CLI has

recently started to distribute and sell vodka products under the name "ROYAL ELITE."

57.     Upon information and belief, CLI filed five trademark applications that relate to

the "ROYAL ELITE" name:  (i) two applications for the mark "ROYAL ELITE," Serial No.

86439435, filed October 30, 2014, and Serial No. 86521045, filed February 2, 2015; (ii) an

application for the mark "ROYAL ELITE VODKA," Serial No. 86832303, filed November 25,

2015; (iii) an application for the mark "RE," Serial No. 86521065, filed February 2, 2015; and

(iv) an application for the mark "RE THE WORLD'S FINEST VODKA 1867," Serial No.

86705309, filed July 27, 2015.  *See* Exhibits 1-2 hereto; Am. Compl. ¶¶ 8-10, Exs. A-C.  CLI

also filed two applications for marks consisting of the design of two different vodka bottles, Serial Nos. 86528609 and 86528623, both for "wine and spirits" and both filed on February 9, 2015.  Am. Compl.  ¶¶ 11-12, Exs. D-E.

58.     Prior to filing its initial complaint in this action, CLI adopted a label and trade dress design for its ROYAL ELITE vodka products.  *Id*. ¶¶13-14, Ex. F.  Upon information and belief, CLI is marketing and selling its vodka products using this label and trade dress design.

59.     CLI's label and trade dress design has a "®" symbol next to the term "ROYAL," indicating that the term "ROYAL" is a federally registered trademark in the United States.  The "®" sign is false and misleading because CLI does not have a federal trademark registration in the United States for the term "ROYAL" or for the term "ROYAL ELITE."

60.     CLI's label and trade dress design also has a prominent "Since 1867" date designation.  The "Since 1867" date designation is false and misleading for one or more of the following independent reasons:  (i) CLI's "ROYAL ELITE" vodka is a new product, (ii) on information and belief, CLI was not making and selling vodka in 1867 or until almost 150 years thereafter, (iii) on information and belief, the contractor now making CLI's "ROYAL ELITE" vodka was not in business in 1867 in the same form and/or in the same location, and (iv) on information and belief, CLI's "ROYAL ELITE" vodka is not made using the same processes, equipment, and recipe that its contractor's predecessors in the same or different locations were using in 1867.

## COUNT ONE

## FEDERAL FALSE OR MISLEADING DESCRIPTION/REPRESENTATION AND UNFAIR COMPETITION
## IN VIOLATION OF LANHAM ACT § 43(a)(1)(B), 15 U.S.C. § 1125(a)(1)(B)

61.     SPI repeats and incorporates by reference the allegations set forth in all of the

preceding paragraphs.

62.     CLI's uses of the "®" symbol and the "Since 1867" date designation in

connection with the ROYAL ELITE mark and vodka products violate Section 43(a)(1)(B) of the

Lanham Act, 15 U.S.C. § 1125(a)(1)(B) because such uses/designation misrepresent CLI's rights

in the mark ROYAL (or ROYAL ELITE) and/or misrepresent the nature, characteristics and/or

qualities of CLI's ROYAL ELITE vodka products.

63.     On information and belief, CLI's unlawful conduct as set forth herein has been

and continues to be willful, deliberate, and in bad faith.  SPI has advised CLI of the misuse of

this symbol and date designation but on information and belief CLI continues to sell and market

its products using them.

64.     CLI's violation of this statute has caused and will continue to cause irreparable

harm to SPI, for which SPI has no adequate remedy at law.  Unless enjoined, CLI will continue

its unlawful use, further injuring SPI and confusing the public.

65.     On information and belief, CLI has received revenues and profits as a result of its

unlawful use, to which CLI is not entitled, and SPI has also suffered damages as a result of CLI's

unlawful use, for which CLI is responsible.

11

## COUNT TWO

## NEW YORK COMMON LAW UNFAIR COMPETITION

66.     SPI repeats and incorporates by reference the allegations set forth in all of the preceding paragraphs.

67.     CLI's uses of the "®" symbol and the "Since 1867" date designation in connection with the ROYAL ELITE mark and vodka products are likely to confuse, and may have already confused, the general public as to CLI's rights in the mark ROYAL (or ROYAL ELITE) and/or as to the nature, characteristics and/or qualities of CLI's ROYAL ELITE vodka products.

68.     On information and belief, CLI's unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.  SPI has advised CLI of the misuse of this symbol and date designation but on information and belief CLI continues to sell and market its products using them.

69.     These violations have caused and will continue to cause irreparable damage to SPI, for which SPI has no adequate remedy at law.  Unless enjoined, CLI will continue to use the false and misleading symbol and date designation, further injuring SPI and confusing the public.

70.     On information and belief, CLI has received substantial revenues and substantial profits as a result of its uses of the false and misleading symbol and date designation, to which CLI is not entitled, and SPI has also suffered damages as a result of CLI's uses of the false and misleading symbol and date designation, for which CLI is responsible.

## COUNT THREE

### DECEPTIVE TRADE PRACTICES IN VIOLATION OF
### NEW YORK GENERAL BUSINESS LAW § 349

71.     SPI repeats and incorporates by reference the allegations set forth in all of the preceding paragraphs.

72.     CLI's uses of the "®" symbol and the "Since 1867" date designation in connection with the ROYAL ELITE mark and vodka products violate New York General Business Law Section 349 because they are likely to confuse, and may have already confused, the general public as to CLI's rights in the mark ROYAL (or ROYAL ELITE) and/or as to the nature, characteristics and/or qualities of CLI's ROYAL ELITE vodka products.

73.     CLI's conduct is unlawful in violation of Section 349 because it violates, among others, Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) as described above.

74.     On information and belief, CLI's unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.  SPI has advised CLI of the misuse of this symbol and date designation but on information and belief CLI continues to sell and market its products using them.

75.     CLI's violation of the statute has caused and will continue to cause irreparable damage to SPI and the public, for which SPI has no adequate remedy at law.  Unless enjoined, CLI will continue its deceptive trade practices, further injuring SPI and confusing the public.

76.     On information and belief, CLI has received substantial revenues and substantial profits as a result of its deceptive trade practices, to which CLI is not entitled, and SPI has also suffered damages as a result of CLI's deceptive trade practices, for which CLI is responsible.

13

77.     As a direct, proximate, and foreseeable result of the CLI's wrongful conduct, as alleged above, SPI has been injured and has lost, and continues to lose, income it otherwise would have received from consumers.  SPI is entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits that may have been obtained by CLI as a result of its deceptive trade practices.

### COUNT FOUR

### FALSE ADVERTISING IN VIOLATION OF
### NEW YORK GENERAL BUSINESS LAW § 350

78.     SPI repeats and incorporates by reference the allegations set forth in all of the preceding paragraphs.

79.     CLI's uses of the "®" symbol and the "Since 1867" date designation in connection with the ROYAL ELITE mark and vodka products violate New York General Business Law Section 350 because they are misleading in a material respect as to CLI's rights in the mark ROYAL (or ROYAL ELITE) and/or as to the nature, characteristics and/or qualities of CLI's ROYAL ELITE vodka products.

80.     On information and belief, CLI's unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.  SPI has advised CLI of the misuse of this symbol and date designation but on information and belief CLI continues to sell and market its products using them.

81.     CLI's violation of the statute has caused and will continue to cause irreparable damage to SPI and the public, for which SPI has no adequate remedy at law.  Unless enjoined, CLI will continue its uses of the "®" symbol and the "Since 1867" date designation, further injuring SPI and confusing the public.

14

82.     On information and belief, CLI has received substantial revenues and substantial profits as a result of its acts of false advertising, to which CLI is not entitled, and SPI has also suffered damages as a result of CLI's acts of false advertising, for which CLI is responsible.

83.     As a direct, proximate, and foreseeable result of the CLI's acts of false advertising, as alleged above, SPI has been injured and has lost, and continues to lose, income it otherwise would have received from consumers.  SPI is entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits that may have been obtained by CLI as a result of its acts of false advertising.

## PRAYER FOR RELIEF

WHEREFORE, SPI prays for the following relief:

1.     an order dismissing CLI's First Amended Complaint with prejudice and denying all relief sought against SPI in connection therewith;

2.     an order enjoining and restraining CLI, its agents, servants, employees, attorneys, and any and all persons in active concert or participation with any of them, from using the "®" symbol (absent a U.S. federal registration for the exact mark for vodka products) and the "Since 1867" date designation in connection with the ROYAL ELITE mark and vodka products;

3.     an order requiring CLI to pay to SPI an amount yet to be determined to compensate SPI for all damages sustained as a result of CLI's unlawful conduct described above, plus interest thereon;

4.     an order requiring CLI to account for and pay to SPI all the profits derived by CLI resulting from its use of the ® symbol and "Since 1867" date designation;

15

5.      an order requiring CLI to make restitution and/or disgorge to SPI of all revenues, earnings, profits, compensation, and benefits that may have been obtained by CLI as a result of their unfair business acts or practices;

6.      an order awarding SPI punitive damages;

7.      an order awarding SPI the costs of this suit and its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117 and New York law;

8.      an order awarding prejudgment interest on all liquidated sums; and

9.      an order awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

SPI hereby demands a trial by jury.

Respectfully Submitted,
COVINGTON & BURLING LLP

Dated: January 6, 2016

/s/ David W. Haller
David W. Haller (dhaller@cov.com)
Heng Gong (hgong@cov.com)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 100018
(212) 841-1000

*Attorneys for Defendant and Counterclaim-Plaintiff Spirits International B.V.*